**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CORDELL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 23-cv-14905 |
| | ) | The Honorable Lindasy M. Jenkins |
| JAMES O'BRIEN, et al., | ) | Magistrate Judge Kim |
| | ) | |
| Defendants. | ) | |

**THE OFFICER DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants JAMES O'BRIEN and GERI LYNN YANOW, as Independent Administrator of the Estate of WILLIAM FOLEY (the "Officer Defendants"), through their undersigned attorneys and pursuant to Federal Rule of Civil Procedure 56 and Local 56.1, move for summary judgment on all of Plaintiff's claims against them. In support of this motion the Officer Defendants state as follows:

1. Plaintiff Cordell Williams alleges that he was wrongfully convicted of two counts of murder under an accountability theory for his role in the 1994, execution-style shooting deaths of 18-year-old Myron Cochran and 19-year-old Billy Johnson. Williams was incarcerated for 28 years before his convictions were vacated and the charges against him were dismissed.

2. Williams brings Section 1983 claims against Defendants for constitutional violations and state law claims. Williams brings §1983 claims for coerced false confession under the Fifth and Fourteenth Amendments (Counts I), fabrication of evidence (Count II), *Brady* violations (Count III), prolonged pretrial detention under the Fourth and Fourteenth Amendment (Count IV), § 1983 conspiracy and failure to intervene (Counts V and VI), and state law claims for malicious prosecution, intentional infliction of emotional distress ("IIED") and civil conspiracy

(Counts VIII, IX and X).[1] (*See* Dkt. 1). Defendants now move for summary judgment on all of Williams' claims.

3. The Officer Defendants now move summary judgment on all claims. Williams cannot establish that Foley was personally involved in any constitutional deprivation or other misconduct, and therefore Foley is entitled to summary judgment on all of Williams' claims.

4. As for O'Brien, Williams cannot establish that O'Brien participated in or knew about any coercive conduct and therefore O'Brien is entitled to summary judgment on the Fifth Amendment coercion claim in Count I. Similarly, though Williams alleges that an unknown officer whom he thinks was Foley physically abused him, he has no admissible evidence to show that this unknown officer was Foley. Therefore, Foley is also entitled to summary judgment on Count I.

5. Williams also cannot establish that O'Brien fabricated any evidence used at trial or that O'Brien knew that any part of the court-reported statement was false. Similarly, Williams' *Brady* claim is based only on the alleged suppression of the unlawful manner in which Williams was interrogated, which cannot form the basis of a *Brady* claim as a matter of law. Accordingly, O'Brien and Foley are entitled to summary judgment on Counts II and III.

6. Williams claims for his "prolonged pretrial detention" under the Fourth/Fourteenth Amendments in Count IV and state law malicious prosecution in Count VIII fail, because the undisputed evidence establishes there was probable cause to arrest and charge Williams for murder in 1994, even without the disputed parts of court-reported statement. Additionally, Defendants are entitled to summary judgment on the malicious prosecution claim because the evidence establishes that Williams' criminal convictions were not terminated in a manner indicative of his innocence.

---

[1] The *Monell* claim (Count VII) against the City of Chicago has been bifurcated.

7. Summary judgment is warranted on the remaining claims for conspiracy (Counts V and X), failure to intervene (Count VI) and IIED Count (IX), because the underlying claims all fail, and because the IIED claim is improper. Concurrent with his motion, the City is filing a motion for summary judgment as to the respondeat superior and indemnification claims.

8. Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment is warranted when the nonmoving party cannot establish an essential element of its case on which it will bear the burden of proof at trial. *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012). While the court must construe the facts in the light most favorable to the non-moving party and draw all reasonable inferences in his favor (*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986)) "that duty does not extend to drawing inferences that are supported only by speculation or conjecture." *Swetlik v. Crawford*, 738 F.3d 818, 829 (7th Cir. 2013); *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004).

9. As set forth in the Officer Defendants' accompanying Memorandum of Law in Support of their Motion for Summary Judgment, this Court should grant the Officer Defendants' Motion for Summary Judgment.

Respectfully submitted,
JAMES O'BRIEN and GERI LYNN YANOW, as Independent Administrator of the Estate of WILLIAM FOLEY

*s/ Patrick R. Moran*
One of their attorneys

Eileen E. Rosen
Patrick R. Moran
Collin Smith
Erin Shiel
ROCK FUSCO & CONNELLY LLC
333 W Wacker, 19th Floor
Chicago, Illinois 60606
T: 312-494-1000
erosen@rfclaw.com
pmoran@rfclaw.com
csmith@rfclaw.com
eshiel@rfclaw.com