**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| CORDELL WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>JAMES O'BRIEN, THE PERSONAL REPRESENTATIVE OF THE ESTATE OF THE ESTATE OF WILLIAM FOLEY, and THE CITY OF CHICAGO, a municipality,<br><br>Defendants. | ) | Case No. 23-CV-14905<br><br>Hon. Lindsay C. Jenkins<br>Magistrate Judge Young B. Kim |

**DEFENDANT CITY OF CHICAGO'S**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant City of Chicago (the "City") joins the motion for summary judgment brought by Defendants James O'Brien and Geri Lynn Yanow, as Independent Administrator of the Estate of William Foley, deceased (collectively, "Defendant Officers"), and moves this Court for summary judgment pursuant to Federal Rule of Civil Procedure 56. In support of its motion, the City states:

1. This lawsuit arises out of Plaintiff Cordell Williams' conviction for the 1994 murders of Myron Cochran and Billy Johnson. Plaintiff's Complaint brings claims against Defendant Officers, who were Chicago Police Department detectives, and the City. (Dkt 1.) Plaintiff also listed as parties "unknown employees of the City." (*Id.,* at caption, introductory paragraph, ¶¶ 9 and 143, and prayer for relief.)

2. Specifically, Plaintiff brings Section 1983 claims for coerced confession under the Fifth and Fourteenth Amendments (Count I); fabrication of evidence, and suppression of exculpatory and/or impeachment evidence under the Fifth and Fourteenth Amendments (Counts

II and III); pretrial deprivation of liberty under the Fourth and Fourteenth Amendments (Count IV); conspiracy (Count V); and failure to intervene (Count VI). Plaintiff also brings state law claims for malicious prosecution, intentional infliction of emotional distress, and civil conspiracy (Counts VIII-X). As to the City, Plaintiff brings a *Monell* [1] policy claim (Count VII) and state law claims for *respondeat superior* and indemnification in Counts XI and XII. (Dkt. 1.)

3. As to Count VII, on May 3, 2024, the parties filed an Agreed Joint Motion to Enter Stipulation Regarding Bifurcation of *Monell* Claims for Trial and Stay of Discovery on Those Claims and Limited Consent to Entry of Judgment Against Defendant City of Chicago ("Joint Motion"). (Dkt. 39.) The Stipulation and Limited Consent were filed as exhibits to the Joint Motion. (Dkt. 39-1 and 2.) On May 4, 2024, this Court granted the parties' Joint Motion to bifurcate Plaintiff's *Monell* claims and stay discovery on those claims. (Dkt. 40.) Plaintiff's *respondeat superior* and indemnification claims (Counts XI and XII) remain against the City.

4. Defendant Officers have moved for summary judgment on all of Plaintiff's claims under federal and state law against Defendants O'Brien and Foley.[2] Because Plaintiff seeks to recover vicariously against the City based on the liability of the Defendant Officers, the City herein joins and adopts the motion for summary judgment filed by the Defendant Officers to the extent applicable. If Plaintiff's claims are dismissed in their entirety against Defendant Officers, then the claims must also be dismissed against the City as a matter of law.

5. As to the federal claims, a municipality cannot be held liable under a theory of *respondeat superior*; instead, a plaintiff must seek liability based upon a municipal policy or custom. *See Bd. of Cnty. Comm'rs. of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997);

[1] *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978).

[2] For ease of reference, and consistent with Defendant Officers' memo in support of summary judgment, this motion refers to Foley instead of his estate.

*Monell*, 436 U.S. at 694. Even then, Plaintiff cannot prevail on his federal municipal liability claims unless he establishes that Defendant Officers violated his constitutional rights. As the Supreme Court has stated, "if a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point." *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986); *see also First Midwest Bank v. City of Chicago,* 988 F.3d 978, 987 (7th Cir. 2021) ("plaintiff must establish that he suffered a deprivation of a federal right *before* municipal fault . . . come[s] into play"). And without liability against Defendant Officers, the derivative indemnification claim against the City necessarily fails. 745 ILCS 10/9-102 (a public entity must pay a judgment or settlement for compensatory damages only if the employee himself is liable.")

6. Further, if all state claims against Defendant Officers are dismissed, then Plaintiff's *respondeat superior* and indemnification claims brought in Counts XI and XII must be dismissed because there can be no vicarious liability for the City if Defendant Officers are not liable. *See* ILCS 10/2-109 ("A local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable."); 745 ILCS 10/9-102 (a public entity must pay a judgment or settlement for compensatory damages only if the employee himself is liable"); *See Taylor v. City of Chicago,* 2003 WL 22282386, at *7 (N.D. Ill. Sept. 29, 2003) ("Having found that plaintiff's claims against [Officer] Majid cannot withstand summary judgment, we must also grant summary judgment on plaintiff's claims against the City for *respondeat superior* liability and indemnification.")

7. As to the "unknown employees of the City of Chicago" Plaintiff purported to sue as defendants, Plaintiff has never identified any of those "unknown employees" or developed evidence in this matter as to what any "unknown employee" specifically did wrong. Here, the

parties engaged in discovery, including exchanging voluminous documents, written discovery, and depositions, and that is only after a substantial criminal and post-conviction record had been amassed. Any claims against unidentified employes should now be dismissed in their entirety pursuant to this motion. Discovery affords a plaintiff the opportunity to identify unknown defendants, but failure to ascertain their identities during the discovery process warrants dismissal at summary judgment. *See Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007); *see also Hudson v. Northeast Ill. Reg'l Commuter R.R. Corp.*, 2019 WL 4261581, at *3 (N.D. Ill. Sept. 9, 2019) (dismissing claims against unnamed defendants at summary judgment for failure to identify them during discovery); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, at *5 (N.D. Ill. Oct. 26, 2016) (same). Summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Schacht v. Wisconsin Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999)(cleaned up). Inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion. *McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003). Plaintiff cannot maintain claims against unidentified individuals and cannot hold the City liable where he has failed to identify any individual alleged to be a City employee who committed the alleged wrongful acts. Because Plaintiff has never identified these supposed unknown employees, the unknown employees should be dismissed.

8. Further, the statute of limitations as to any supposed unknown employees expired long ago. Plaintiff's claims accrued on October 17, 2022, the date his conviction was vacated and the State dismissed the charges against him. (Defs. Local Rule 56.1 Statement of Facts at ¶ 87.) Plaintiff had one year thereafter to file his state law claims, 745 ILCS 10/8-101; and, two years from the accrual date to file his Section 1983 claims. *Ashafa v. City of Chicago*, 146 F.3d 459, 461

(7th Cir. 1998). No unknown employees have been identified, named as defendants, and served with process. Also, asserting claims against unknown and unnamed defendants does not toll the limitations period. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022) ("There's nothing wrong with suing placeholder defendants, then using discovery to learn and substitute names. . . . But a plaintiff who uses placeholders must take account of the clock: substitution must be completed before the statute of limitations expires."); *Sassi v. Breier,* 584 F.2d 234, 235 (7th Cir. 1978) (naming of a "John Doe" defendant in the complaint does not toll the statute of limitations until a named defendant may be substituted.) Moreover, amending a claim against an unknown or unnamed defendant does not relate back to the date the original complaint was filed because it is not a "mistake concerning the identity of a proper party" under Fed. R. Civ. P. 15(c). *See Herrera v. Cleveland*, 8 F.4th 493, 498 (7th Cir. 2021) (naming a John Doe defendant in the complaint is a conscious choice, not an inadvertent error; "the definition of 'mistake' under Rule 15(c)(1)(C)(ii) does not extend to a John Doe scenario."); *King v. One Unknown Federal Correctional Officer,* 201 F.3d 910, 914 (7th Cir. 2000) (failing to identify the proper party does not satisfy Rule 15(c)(3)'s mistake requirement for relation back).

**CONCLUSION**

For the foregoing reasons, the City respectfully asks this Court to grant its motion for summary judgment, and for any other relief it deems appropriate.

Dated: March 26, 2026

Respectfully submitted,

/s/ Lisa M. Meador
LISA M. MEADOR Atty No. 6270259
Special Assistant Corporation Counsel
*One of the Attorneys for Defendant City of Chicago*

James G. Sotos
Lisa M. Meador
Joseph M. Polick
Special Assistant Corporation Counsel
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Ste. 1240A
Chicago, IL 60604
Ph.: (630) 735-3300
lmeador@jsotoslaw.com

## CERTIFICATE OF SERVICE

I certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on March 26, 2026, I electronically filed the foregoing **Defendant City of Chicago's Motion for Summary Judgment** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record on the below Service List.

***Attorney for Plaintiff:***
Steven W. Becker
Law Office of Steven W. Becker LLC
205 N. Michigan Avenue, Suite 810
Chicago, IL 60601
Tel: (312) 396-4116
swbeckerlaw@gmail.com

***Attorneys for Defendants James O'Brien and Geri Lynn Yanow, as Independent Administrator of the Estate of William Foley:***
Andrew J. Grill
Brittany D. Johnson
Stacy A. Benjamin
Lauren Ferrise
Patrick R. Moran
Eileen E. Rosen
Collin M. Smith
Erin Shiel
Rock Fusco & Connelly, LLC
333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
Tel: (312) 494-1000
agrill@rfclaw.com
bjohnson@rfclaw.com
sbenjamin@rfclaw.com
lferrise@rfclaw.com
pmoran@rfclaw.com
erosen@rfclaw.com
csmith@rfclaw.com
eshiel@rfclaw.com

/s/ Lisa M. Meador
LISA M. MEADOR Atty No. 6270259
Special Assistant Corporation Counsel
*One of the Attorneys for Defendant City of Chicago*