# Exhibit 22

## Working Group Procedures & Guidelines

### I. Overview

This document outlines the general objectives, procedures and expectations for a review of murder and sex cases involving seven Chicago Police Department detectives (hereinafter, "Guidelines"). The review will be conducted by an independent Working Group consisting of three Special Assistant State's Attorneys who will report and make recommendations to the State's Attorney of Cook County (the "Working Group"). Members of the Working Group will serve as Special Assistant State's Attorneys throughout the review, and possess all rights, privileges and immunities afforded to an Assistant State's Attorney. The Cook County State's Attorney's Office ("CCSAO") will similarly retain all rights and privileges, including control over the disclosure of information the CCSAO determines to be privileged and/or confidential. The Working Group may further define and interpret these Procedures & Guidelines as deemed appropriate.

### II. Objectives

The objectives of the Working Group's review are to conduct assessments of Murder—and Sex offense convictions where it was alleged a defendant made a statement and where at least-one of seven Chicago Police Department Detectives were involved in obtaining the statement, and to make independent and impartial fact-based recommendations as to each case. The seven detectives are Kenneth Boudreau, Richard Paladino, James Cassidy, Thomas Coughlin, William Foley, Frank Valadez, and Patrick McCafferty (collectively, the "Detectives"). The conduct of the Detectives has been the subject of civil lawsuits, vacated convictions, Illinois Torture Inquiry and Relief Commission ("TIRC") decisions and post-conviction proceedings. The subject matter of these past claims centered around allegations of torture, coercive techniques and fabrication of evidence used by one or more of the detectives to obtain purportedly inculpatory confessions or admissions from defendants. The past allegations resulted in various outcomes, including lawsuit settlements, certificates of innocence and court decisions in favor of and against the Detectives. As defined further below, the State's Attorney expects the Working Group to consider, among other things, the past allegations as part of its assessment of the present cases under review.

### III. Working Group Members

The Cook County State's Attorney shall select members of the Working Group. One member will be selected based on the recommendation of the Lawyers' Committee[1], one member will be

[1] The Lawyers' Committee is comprised of the following lawyers: Peter Neufeld, Mary Katherine McCarthy, Joshua Tepfer, Steven Drizin, Russell Ainsworth, Craig Futterman, Joey Mogul, and APD Julie Koehler.

EXHIBIT # 2
WIT: Lanier
DATE: 10/29/25
Katie K. Elliott, CSR, RPR

recommended by the Conviction Integrity Unit of the Cook County State's Attorney's Office (CIU) and the third member will be jointly recommended by the CIU and the Lawyers' Committee. To ensure impartiality, no member of the Working Group may be a current or former legal representative of any claimant, nor shall they be a member of any advisory boards, committee or commission involved in the consideration of allegations from any of the claimants. No member of the Working Group may be a current or former legal representative of any of the detectives involved in the review. No member of the Working Group may be involved in any current or future referral or other fiduciary relationship with any of the claimants, detectives, CCSAO staff, or members of the Lawyers' Committee.

## IV. Resources

The Working Group members shall be appointed by the State's Attorney as Special Assistant State's Attorneys, conducting their work independently but formally under the supervision of the State's Attorney for purposes of state law establishing the Special Assistant role, *see* 55 ILCS 5/4-2003(b) as well as applicable privileges. Upon their appointment, and following execution of the CCSAO's engagement letter, they may be paid an hourly rate not to exceed $185.00 for their work and may use the resources of the (CIU) during the review. At the sole discretion and upon written request of the Working Group, CIU attorneys, investigators and DNA specialist will be available to collect materials, request the issuance of subpoenas, arrange meeting facilities, and use CIU investigators to assist with and document witness interviews. In the same manner, the Working Group may consult with the CIU's DNA specialist regarding any forensic matters and scientific interpretation of DNA evidence. Aside from these limited circumstances, the CIU of the CCSAO will not participate or engage in any activities or discussions on the cases actively under review or the final recommendations by the Working Group. Any and all materials (including copies of the Working Group's electronic communications, reports, memorandum, and any other work product) will be returned to the CIU following the completion of Working Group review for storage pursuant to CCSAO protocols. Following the dissolution of the Working Group, any later consideration of non-vacated cases previously subject to the Working Group's review will be in accordance with all CIU practices and protocols as defined by the CIU of the CCSAO. This Working Group's Procedures & Guidelines will have no binding effect on the CIU following the dissolution of the Working Group. The Working Group may meet virtually if they so choose.

## V. Reporting

The Working Group will report directly to the First Assistant State's Attorney of Cook County and/or the Chief Deputy, in consultation with the State's Attorney of Cook County on a quarterly basis. The Working Group shall also provide a short quarterly report to the Lawyers' Committee that summarizes the status and progress of the investigation of each case. All periodic reporting and discussions will be considered internal deliberations and subject to all appropriate privileges. At the conclusion of the review, the Working Group shall present a written report containing recommendations on each case for the consideration of the State's Attorney as further discussed in Section VII(D) below. The State's Attorney may accept, reject or modify any of the recommendations made by the Working Group. All final determinations on the cases will be made by the State's Attorney and conveyed to the Working Group. In the interest of transparency, the recommendations of the Working Group and their reasoning will be made public, along with the decision of the State's Attorney.

## VI. Internal Communications with members of the CCSAO

The Working Group may communicate with members of the CCSAO as necessary, and subject to certain limitations as stated in these Working Group Procedures & Guidelines. Any and all communications among the Working Group and with CCSAO personnel will be considered internal and confidential, and thereby subject to the privileges accorded to such communications. The members of the Working Group may not waive any of these privileges without the express authorization of the State's Attorney.

The Working Group may communicate with the CIU of the CCSAO for limited purposes, as defined in Section IV-above and as follows. In addition to the previously defined communications, the Working Group may communicate with the CIU, the Lawyers' Committee, and the lawyers for each claimant about its general practices, other claims involving the Detectives, and the general status and progress of the investigation. The CIU shall not communicate or discuss any of the cases actively under review by the Working Group, unless these communications are necessary for the execution of tasks as defined in Section III above. Any Working Group requests for information or materials from the Civil Actions Bureau (CAB) of the CCSAO related to past or pending civil lawsuits should be made with the First Assistant State's Attorney and Chief Deputy State's Attorney.

## VII. External Communications

A. Generally

The Working Group and its members are prohibited from all external communications regarding the facts of the cases with the public, media, or other individuals except as provided by these Working Group Procedures & Guidelines.

The Working Group shall not discuss any of their deliberative process at any time during or after the review with any agency or individual, including attorneys for the defendant or members the Lawyer's' committee. If the case under review involves a pending post-conviction petition, the Working Group should direct all requests for information and discussion of pending court proceedings to the Post-Conviction Unit (PCU) of the CCSAO.

B. Defendant or Defendant's Authorized Representative; Witnesses

The Working Group may communicate with the defendant in the case under review and their authorized legal representative in accordance with Illinois Rules of Professional Conduct 4.1 and 4.2. The authorized legal representative of the defendant shall be the attorney designated in the completed application received by the CIU and provided to the Working Group (as discussed below in Section VIII(A)). The Working Group may not discuss the facts or details of a case at any time during or after the review process with any other attorney or individual, who are not the authorized legal representatives of the defendant, except for the disclosure to the public of the final report. The Working Group may only extend information to counsel of the defendant as it pertains to timing, requests for documents or information,-the final outcome, or as otherwise helpful to the Working Group in furtherance of its investigation. If the Working Group requests that a witness be interviewed and the CIU investigator is used for that purpose, (as per IV above), counsel for the defendant may be present for said interview. The Working Group's communications with the defendant and their legal representative will be considered part of an ongoing CCSAO investigation.

C. Individuals Germane to Investigation

The Working Group may arrange meetings and receive information from innocence projects,

outside organizations, the past legal representatives of defendants whose cases have been vacated, and the exonerees. The purpose of these meetings may include discussions of general non-case specific facts and views regarding coercive police interviewing techniques, fabrication of evidence, credibility of particular detectives, information known to the public about the detectives, or case facts and views involving an attorney's past representation of a client. In accordance with Illinois Professional Rule of Conduct 4.2, the Working Group shall not communicate about the subject or details of a case actively under review with any non-authorized attorneys or entities nor should it communicate the member's respective views on these topics outside of Working Group deliberations. Notwithstanding this Section VII, the Working Group shall not be prohibited from interviewing individuals with information germane to their investigation.

**VIII. Review Procedures**

The State's Attorney expects the Working Group to utilize their professional experience to organize themselves and adopt specific protocols to be implemented throughout the review. Upon formation, the Working Group should draft a case review protocol to be submitted to the State's Attorney for approval. Once approved, the case review protocol will be applied by the Working Group for the review of all cases.

The Working Group's case review protocol must include the following features, in some form, as part of the review:

A. Preliminary Intake of Cases: The CIU of the CCSAO will receive information concerning the names and case numbers of individuals who may qualify as part of the review. The CIU will review the preliminary intake information and verify that the case involves at least one of the Detectives and the CCSAO does not possess any conflict of interest on the case. If the case meets the review parameters, and does not involve a conflict, the CIU will send the defendant an application and consent form to be completed by the defendant or their legal representative. The application allows for the CCSAO processing of the case and provides an opportunity for the defendant to designate their authorized legal representative, provide relevant information and documents, and describe their claims. Upon receipt of a completed application and consent form, the CIU will process the application and provide the Working Group with case materials, including all application materials, the CCSAO trial file and the Record on Appeal. The CIU will also notify the Working Group of any pending proceedings on the case.

B. Prioritization of Claims: The Working Group will prioritize the review of cases. It is suggested that prioritization be based upon whether the defendant remains in the custody of the Illinois Department of Corrections (IDOC), with such cases being given higher review priority.

C. Assessment of Claims: The Working Group will perform a case-by-case assessment of each individual case ("Individual Case Assessment") and a pattern assessment of all cases ("Pattern Assessment"). The pattern assessment shall consider the history of misconduct of the detectives as well as any history of testifying falsely. The Working Group will determine the manner and method of their review.

D. Recommendations: The Working Group will consider the following as possible recommendations to the State's Attorney:

1. *Recommendation of Vacatur based on Innocence*: This recommendation will entail a Working Group finding that there is new evidence in the individual case which gives rise to a substantial probability that the convicted defendant was not the person who committed the offence. As part of this recommendation, the Working Group will make factual findings concerning the new evidence that led the Working Group to determine the defendant was not criminally responsible for performing the acts of the offense.

2. *Recommendation of Vacatur based on the Interests of Justice*: The Working Group-will recommend the vacatur of a conviction and the dismissal of a case if they determine such actions are warranted in the interests of justice. This recommendation will entail a determination by the Working Group that any credible information exists to cause a loss of confidence in the integrity of the conviction, including any of the seven detective's involvement in obtaining a statement from the defendant. This determination will take into consideration any overall patterns that emerge during the review, including what the Working Group learns from other cases--involving any of these seven detectives and/or information in the specific case that results in a loss of confidence. Such a recommendation will not entail a finding that the defendant was innocent of the crime and may or may not include a finding of any wrongdoing by the detectives or any other individuals associated to the case.

3. *Recommendation of No Further Action*: The Working Group will recommend no further action if neither Recommendation 1 nor 2 are satisfied.

E. Determinations: All determinations on cases will be made by the State's Attorney. The State's Attorney may accept, modify or reject any of the recommendations made by the Working Group. Following the State's Attorney's final determinations, the Working Group will send a letter to the defendant and their legal representative informing them of the outcome. If the State's Attorney decides to vacate a conviction, the Working Group will also prepare the appropriate motion to vacate the conviction in accordance with the State's Attorney's final determination on the case. The CCSAO will contact the victims, or any surviving relatives, to

inform them of a decision to vacate a case. Once the State's Attorney has either accepted, modified or rejected a Working Group recommendation, the recommendations of the Working Group and their reasoning will be made public, along with the decision of the State's Attorney.

F. Confidentiality: The Working Group review activities will be a confidential ongoing investigation of the CCSAO. The Working Group shall be required to execute a confidentiality agreement prior to commencing their work. They will not disclose any documents or information related to a case unless the recipient of the materials or information is the authorized legal representative on the case and such a disclosure assists the Working Group's review. Following final determinations by the State's Attorney, the CIU will disclose documents identified by the Working Group pursuant to Rule 3.8(g) and (h) of the Illinois Rules of Professional Conduct.

Upon approval of the Working Group's case review protocol, copies will be provided to all members of the Working Group and possessed by the State's Attorney, First Assistant State's Attorney, Chief Deputy State's Attorney, and the Lawyers' Committee. The State's Attorney may, in the interest of transparency, authorize further dissemination of the case review protocols. Unauthorized use, disclosure or copying of the case review protocols, or any part thereof, is strictly prohibited.